**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| IN RE:<br><br>THORNTON & CO., INC.,<br><br>DEBTOR. | ) | CHAPTER 7<br><br>CASE NO. 15-21416 (AMN) |
| BONNIE C. MANGAN, Chapter 7 Trustee for THORNTON & CO., INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE DOW CHEMICAL COMPANY,<br><br>Defendant. | ) | Adv. Pro. No. ________ |

## COMPLAINT

Bonnie Mangan, Chapter 7 Trustee (the "Trustee") of Thornton & Co., Inc. ("Thornton" or the "Debtor"), in support of this complaint ("Complaint") to avoid and recover transfers against The Dow Chemical Company (the "Defendant"), hereby alleges:

### JURISDICTION, VENUE AND NATURE OF THIS PROCEEDING

1. On August 10, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

2. On December 10, 2015, the United States Bankruptcy Court for the District of Connecticut, Hartford Division, issued an Order converting this bankruptcy case to a case under Chapter 7 of the United States Bankruptcy Code.

3. On or about December 10, 2015, the Trustee was appointed Chapter 7 Trustee of the Debtor.

4. This Complaint initiates an adversary proceeding pursuant to §§ 105, 502(d), 510, 544, 546, 547, 550 and 551 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. ("Bankruptcy Code"), and Federal Rule of Bankruptcy Procedure 7001(1). The Complaint seeks: (1) to avoid and recover for the benefit of the estate one or more preferential transfers of the Debtor's property made to or for the benefit of the Defendant, on or within 90 days of the Petition Date; (2) to disallow all claims of the Defendant against the Debtor and the estate; (3) to subordinate any allowed claims of the Defendant against the Debtor and the estate to the claims of all other creditors of the estate; (4) an injunction against the Defendant prohibiting it from further transferring or disposing of any of the property transferred; and (5) other legal and equitable relief.

5. This Court has jurisdiction, under 28 U.S.C. §§ 157 and 1334(b), of the subject matter of this proceeding because the claims asserted herein arise under Chapter 7 of the Bankruptcy Code and are related to a case pending under the Bankruptcy Code in the United States Bankruptcy Court for the District of Connecticut, Hartford Division (the "Bankruptcy Court").

6. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

7. Pursuant to 28 U.S.C. §§ 1391 and 1409(a), venue of this adversary proceeding in the Bankruptcy Court is proper because the Debtor's case is pending in this district and division.

## PARTIES

8. The Trustee is the duly appointed Chapter 7 Trustee in this Chapter 7 case.

9. Defendant, The Dow Chemical Company, is a corporation with a place of business in Midland, Michigan.

## COUNT I
## PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. §§ 547, 550 AND 551

10. The Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

11. On or within ninety (90) days before the Petition Date, the Debtor made the following transfer(s) of its property to or for the benefit of the Defendant:

| Date | Amount |
|---|---|
| 5/19/2015 | $ 109,622.00 |
| 5/27/2015 | $ 229,064.80 |
| 5/29/2015 | $ 291,868.00 |
| 5/29/2015 | $ 66,737.00 |
| 6/18/2015 | $ 105,621.00 |
| 6/29/2015 | $ 338,507.00 |
| 7/1/2015 | $ 500,623.00 |
| 7/15/2015 | $ 93,744.00 |
| 7/16/2015 | $ 99,268.00 |
| 7/28/2015 | $ 110,142.00 |
| **Total:** | **$ 1,945,196.80** |

(the "Preferential Transfers").

12. The Preferential Transfers were made on or within ninety (90) days of the Petition Date.

13. The Preferential Transfers constitute a transfer(s) of the Debtor's interest in property.

14. The Preferential Transfers were for, or on account of, antecedent debt(s) owed by the Debtor before such transfer(s) were made.

15. The Preferential Transfers were made while the Debtor was insolvent.

16. The Preferential Transfers enabled the Defendant to receive more than it would have received if: (a) the Debtor's case was a case under Chapter 7 of the Bankruptcy Code; (b) the Preferential Transfers had not been made; and (c) Defendant had received payment of such debts to the extent provided by the provisions of the Bankruptcy Code.

17. The Trustee is entitled pursuant to Bankruptcy Code § 547 to avoid the Preferential Transfers and pursuant to 11 U.S.C. §§ 550 and 551, to recover from the Defendant, for the benefit of the estate, the property transferred or the value of such property, plus interest.

**COUNT II**
**RECOVERY OF AVOIDED TRANSFERS – 11 U.S.C. § 550**

18. The Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

19. The Trustee is entitled to avoid the transfer(s) pursuant to 11 U.S.C. § 547(b).

20. Defendant was the initial transferee of the transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit all avoided transfer(s) were made.

21. Pursuant to 11 U.S.C. § 550(a), the Trustee is entitled to recover from Defendant the property transferred or the value of such property, plus interest thereon to the date of payment and the costs of this action.

**COUNT III**
**DISALLOWANCE OF ALL CLAIMS – 11 U.S.C. § 502(d) and(j)**

22. The Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

23. Defendant is an entity from which property is recoverable under 11 U.S.C. § 550.

24. Defendant is a transferee of the transfer(s) avoidable under 11 U.S.C. § 547.

25. Defendant has not paid the amount of the transfer(s), or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

26. Pursuant to 11 U.S.C. § 502(d), any and all claims of the Defendant and/or its assignee, against the Debtor or estate must be disallowed until such time as Defendant pays to the Trustee an amount equal to the aggregate amount of the transfer(s), plus interest thereon and costs.

27. Pursuant to 11 U.S.C. § 502, any and all claims of the Defendant, and/or its assignee, against the Debtor or the estate previously allowed by the Debtor or the Trustee, must be reconsidered and disallowed until such time as Defendant pays to the Trustee an amount equal to the aggregate amount of all the transfer(s).

**STATEMENT CONCERNING ENTRY OF FINAL ORDERS OR JUDGMENT**

Pursuant to Fed. R. Bankr. P. 7008, Bonnie Mangan, Chapter 7 Trustee of Thornton & Co., Inc., hereby consents to entry of final orders or judgment by the Bankruptcy Court.

**WHEREFORE**, the Trustee, Bonnie C. Mangan, respectfully requests that the Court enter judgment in favor of the Trustee and against the Defendant as follows:

1. (a) Avoidance of all Preferential Transfers; (b) an order directing that the Preferential Transfers be set aside; and (c) recovery of the Preferential Transfers, or the value thereof for the benefit of the estate of the Debtor;

2. That the transfers, to the extent they are avoided pursuant to U.S.C. §547, be recovered by the Trustee pursuant to 11 U.S.C. §550;

3. A permanent injunction precluding the Defendant from transferring or disposing any assets during the pendency of this bankruptcy case;

4. Disallowance of any claims held by the Defendant and/or its assignee against the Debtor and/or the estate until the Defendant and/or its assignee satisfies the judgment;

5. Attorneys' fees;

6. Pre-judgment interest and costs; and

7. Such other and further relief as this Court deems just and equitable.

Dated at Milford, Connecticut on this 31st day of August, 2018.

BONNIE C. MANGAN,
CHAPTER 7 TRUSTEE OF
THORNTON & CO., INC.

By: /s/ David C. Shufrin
Lawrence S. Grossman, Esq. [ct15790]
David C. Shufrin, Esq. [ct29230]
Joanna M. Kornafel, Esq. [ct29199]
HURWITZ, SAGARIN, SLOSSBERG
& KNUFF, LLC
147 North Broad Street
Milford, CT 06460
Tel: 203-877-8000/Fax: 203-878-9800
LGrossman@hssklaw.com
DShufrin@hssklaw.com
JKornafel@hssklaw.com